UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD LAMONT DAVIS,          )
# 223815,                     )
                              )
                Plaintiff,    )      Case No. 1:15-cv-863
                              )
v.                            )      Honorable Gordon J. Quist
                              )
TONYA LAMP, et al.,           )
                              )
                Defendants.   )
_____)

## REPORT AND RECOMMENDATON

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C.

§ 1983.  Plaintiff is an inmate at the Kinross Correctional Facility.  (ECF No. 37).

This lawsuit stems from an incident at the Lakeland Correctional Facility on

April 19, 2015, in which Tonya Lamp, a Food Service Director employed by Aramark

Correctional Services, LLC, instructed prisoner Roberson to move cornbread and

chocolate cake from a regular inmate food line to the religious meal line.

Plaintiff named Tonya Lamp and "Unknown Parties" as defendants.  His

complaint is divided into nine counts.[1]  He alleges that Ms. Lamp violated his federal

rights under the Fourteenth Amendment's Equal Protection Clause (Count I), the

_____

[1] Plaintiff is proceeding *pro se* and is limited to representing himself on his own claims.  *See* 28 U.S.C. § 1654; *see also Belser v. Woods*, No. 2:16-cv-134, 2016 WL 6975936, at *5 (W.D. Mich. Nov. 29, 2016) (collecting cases).  All plaintiff's allegations purporting to act as a representative of others are disregarded.

First Amendment's Free Exercise Clause (Count II), and the First Amendment's Free Speech Clause (Count III). (ECF No. 1 at PageID.19-21). He asks the Court to exercise supplemental jurisdiction over six purported state law clams: three based on alleged violations of Michigan's Constitution (Counts IV-VI), two based on alleged violations of a Michigan Department of Corrections (MDOC) employee handbook (Counts VII-VIII), and one based on alleged violations of an MDOC policy directive (Count IX). (*Id.* at PageID.22-27). Plaintiff seeks an award of damages. (*Id.* at PageID.28).

The matter is before the Court on defendant Lamp's[2] motion for summary judgment. (ECF No. 34). Plaintiff opposes defendant's motion. (ECF No. 36). For the reasons set forth herein, I recommend that defendant's motion be granted in part and denied in part. I recommend that defendant's motion be granted with regard to all plaintiff's federal claims other than his First Amendment retaliation claims against defendant, based on an allegedly false Class II misconduct charge and the termination of his work assignment. I recommend that the Court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state law claims. I recommend that all plaintiff's claims against unknown parties be dismissed without prejudice.

---

[2] Tonya Lamp will be referred to herein as the defendant because she is the only defendant who has been served and appeared in this lawsuit. The Court will refer to unknown parties when plaintiff's claims against those individuals are being addressed.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the

prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.  The burden is on defendant to show that plaintiff failed to exhaust his administrative remedies.  The Supreme Court reiterated that "no unexhausted claim may be considered."  549 U.S. at 220.  The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims.  549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion."  548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).  Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly

exhausted" for purposes of filing a section 1983 action in federal court.  548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3]  In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies.  *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."  *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[3]A copy of the policy directive is found in the record.  *See* ECF No. 34-4, PageID.612-18.

-7-

## <u>Preliminary Matters</u>

Plaintiff argues that defendant's exhibits related to the issue of exhaustion should be disregarded because "they fail to meet the requirements for authentication" under Rules 901 and 902 of the Federal Rules of Evidence. (Plaintiff's Brief at 4, ECF No. 36, PageID.787). Plaintiff's argument is without merit. Rule 56(c)(2) states: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). The exhibits at issue here plainly can be presented in a form that would be admissible in evidence. Among other things, in response to plaintiff's challenge to the authenticity of exhibits, defendant filed certified copies of the MDOC's grievance records. (ECF No. 38-2, PageID.813-58). The exhibits are presented in an admissible form. *See* FED. R. EVID. 902(4).

The factual allegations appearing in plaintiff's complaint are verified under penalty of perjury (*see* ECF No. 1, PageID.18) and they are considered as plaintiff's affidavit in opposition to defendant's motion for summary judgment.[4] *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

---

[4] "Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys.*, LLC, 357 F. App'x 656, 662 (6th Cir. 2009). "Arguments in parties' briefs are not evidence*." Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

-8-

## Proposed Findings of Fact

The following facts are beyond genuine issue.

During the period at issue, plaintiff was an inmate at the Lakeland Correctional Facility (LCF). Tonya Lamp is a Food Service Director for Aramark Correctional Services, LLC (Aramark), which provides food services to MDOC inmates pursuant to its contract with the State of Michigan. (Compl. ¶¶ 4, 38, ECF No. 1, PageID.5, 17).

On April 19, 2015, plaintiff was working in LCF's kitchen, and he claims to have overheard a conversation between Ms. Lamp and prisoner Roberson, an inmate working in the religious meal line. (*Id.* at ¶¶ 6-7, PageID.29). Ms. Lamp declined Roberson's request to have her get ingredients to make additional corn bread and chocolate cake for the religious meal line. She directed prisoner Roberson to use the cornbread and chocolate cake from the main meal line. (*Id.*; Roberson Decl., ECF No. 1-2, PageID.94). Plaintiff watched prisoner Roberson grab a pan of corn bread and chocolate cake from the "bakers area" for the regular meal line and bring it to the religious meal line. (Compl. ¶¶ 8, 9, ECF No. 1, PageID.6-7).

Plaintiff confronted Ms. Lamp and he threatened to file a grievance over the matter. Ms. Lamp directed plaintiff to punch out and leave the kitchen. (*Id.* at ¶¶ 6, 10-11, PageID.6-7; Jeffries Decl., ECF No. 1-2, PageID.96; Young Decl., ECF No. 1-2, PageID.98).

Plaintiff is a devout Muslim, and he was approved to eat from LCF's religious meal line. He did not eat the corn bread or chocolate cake from the main meal line. (Compl. ¶¶ 1, 2, 12, ECF No. 1, PageID.4, 8).

On April 21, 2015, LCF's grievance coordinator received plaintiff's grievance, and assigned it Grievance No. LCF-2015-04-0339-09eA. (ECF No. 1-2, PageID.102-03; ECF No. 38, PageID.829-30). This was a grievance against Ms. Lamp based on the April 19, 2015, incident. Plaintiff sought termination of Ms. Lamp's employment and a written apology from Aramark. According to plaintiff, on April 22, 2015, Ms. Lamp threatened to terminate his work assignment if he did not sign off on (abandon) this grievance. (Compl. ¶ 15, ECF No. 1, PageID.9). The Step I grievance response indicated that plaintiff's purported conversation with Ms. Lamp on April 19, 2016, never happened. Further, she did not "lay [plaintiff] in" and she did not sign his time card that day. (ECF No. 38-2, PageID.829). Plaintiff's appeals of this grievance were denied at Steps II and III. (*Id.* at PageID.827).

On April 26, 2017, plaintiff's food service work assignment was terminated because he had forged Ms. Lamp's initials on his time card. (ECF No. 1-2, PageID.120). On April 27, 2015, Ms. Lamp wrote a Class II misconduct charge against plaintiff for forging her initials on his time card. (*Id.* at PageID.117). Plaintiff denies forging the time card. (Compl. ¶¶ 19, 20, ECF No. 1, PageID.10).

-10-

On April 28, 2015, Ms. Lamp pointed out plaintiff to a corrections officer. The officer came to the table at which plaintiff was sitting and searched him. (*Id.* at ¶ 22, PageID.11).

On April 30, 2015, LCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. LCF-2015-04-0373-17A. (ECF No. 1-2, PageID.126; ECF No. 38-2, PageID.822). In this grievance against Ms. Lamp, plaintiff claimed that the Class II misconduct charge against him was in retaliation for the earlier grievance that he filed against her. He also complained that, on April 28, 2015, Ms. Lamp had LCF officers in in food service pick on him for no reason while he was sitting at a table about to eat. (*Id.*). Plaintiff's grievance was denied at Step I. (ECF No. 38-2, PageID.823). The denial of plaintiff's grievance was upheld at Steps II and III. (ECF No. 38-2, PageID.817).

On May 11, 2015, plaintiff was found guilty of the Class II misconduct charge. (ECF No. 1-2, PageID.130). Plaintiff pursued a successful appeal. On June 16, 2015, plaintiff was found not guilty of the misconduct charge because the time cards were not kept in a secure area where access was limited to LCF's custody staff and Aramark employees. Rather, the time cards were kept in an area where other inmates could potentially alter or steal them. (*Id.* at PageID.134).

On August 26, 2015, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

### I.    Rule 12(b)(6) Portion of Defendant's Motion

Defendant Lamp makes a number of arguments challenging the adequacy of plaintiff's pleading. In connection with those arguments, the Court's review is restricted to plaintiff's pleading and the attached exhibits.[5] *See* FED. R. CIV. P. 10(c), 12(d).

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal

---

[5] Inasmuch as plaintiff is relying exclusively on his verified pleading and the attached exhibits, it is not necessary to generate a separate and duplicative discussion of plaintiff's factual allegations. It is only necessary to make clear that in this section the Court is not considering the evidence defendant filed in support of her motion. (ECF No. 34-2, PageID.559-60; ECF No. 34-3, PageID.563-610; ECF No. 38-2, PageID.813-58). Other than plaintiff's answers to interrogatories (ECF 34-2, PageID.559-60), the evidence provided by defendant is limited to issue of exhaustion of administrative remedies.

Even if defendant's motion had not challenged the adequacy of plaintiff's pleading, the recommendations herein regarding plaintiff's federal claims would be unchanged, except that the recommendations would be made pursuant to the statutory authority provided by 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

conclusions.  *See Twombly*, 550 U.S. at 555.  *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    A.  <u>Federal Claims</u>

       1.  State Actor

Defendant argues in a footnote that plaintiff's claims "could be dismissed on the threshold basis that he has not established that [d]efendant was a state actor acting under color of state law."  (Defendant's Brief at 8 n.2, ECF No. 34, PageID.587) (citing "Exhibit C," *James v. Correct Care Solutions*, No. 13-cv-19, 2013 WL 5730176, at *8-9 (S.D.N.Y. Oct. 21, 2013)).  Defendant's Exhibit C is, instead, a copy of an MDOC policy directive.  (*See* ECF No. 34-4, PageID.611-18).  Nevertheless, a passing reference to a case in a footnote does not suffice as a legal argument.   Accordingly, the issue is deemed waived.  *See McPherson v. Kelley*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."(quotation and citation omitted)). [6]

---

[6] It was likewise improper for defendant to wait until her reply brief (Reply Brief at 3-4, ECF No. 38, PageID.807-08) to make an attempt to present a developed argument.  It is well established that a reply brief is not the proper place to raise new arguments.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 727 n.19 (6th Cir. 2005).  A reply brief is the defendant's opportunity to respond to arguments raised for the first time in the plaintiff's brief.  A defendant cannot wait until the reply brief to make new

Even assuming defendant had not waived the issue, her state actor argument is meritless.  To state a claim under 42 U.S.C. § 1983, plaintiff must allege the violation of a right secured by the federal Constitution or laws, and he must show that the deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  A private party's actions constitute state action under Section 1983, when his or her actions are "fairly attributable to the state." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 478 (6th Cir. 2014).  The factual allegations in plaintiff's complaint are sufficient to satisfy the state actor requirement.  *See Dotson v. Shelby Cty.*, 13-2766, 2014 WL 3530820, at *13-14 (W.D. Tenn. July 15, 2014) (collecting Aramark cases).

### 2.  Equal Protection

Defendant's argument that plaintiff failed to plead facts sufficient to support a claim for violation of the Fourteenth Amendment's Equal Protection Clause is more substantial.  (Defendant's Brief at 8-9, ECF No. 34, PageID.547-48).

The Equal Protection Clause "protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights."  *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

---

arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of defendant's arguments.  *Scottsdale*, 513 F.3d at 553.

"To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (*quoting Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Plaintiff alleges that by failing to accommodate his religious dietary tenets and needs, "while accommodating the dietary needs of similarly situated inmates with special dietary needs, i.e., therapeutic diets[,] the defendant has violated plaintiff[']s rights under the [E]qual [P]rotection [C]lause of the 14th [A]mendment." (ECF No. 1, PageID.19). Prisoners receiving a special diet on the basis of medical needs under the protection of the Eighth Amendment are not similarly situated "in all material respects" to prisoners receiving a special diet on the basis of a First Amendment religious accommodation. *See Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x. 826, 836 (6th Cir. 2009). Accordingly, I find that Count I of plaintiff's complaint fails to state a claim upon which relief can be granted.

3. First Amendment Free Exercise

In Count II, plaintiff alleges a violation of his rights under the Free Exercise Clause because he missed a portion of a meal. He did not eat the cornbread and chocolate cake on April 19, 2015, because it came from the regular meal line. Courts have consistently held that missing a single meal does not rise to the level of a

-15-

constitutional violation. *See Veach v. Henderson Cty. Det. Ctr.*, No. 4:17-cv-P78, 2017 WL 5633217, at *2 (W.D. Ky. Nov. 22, 2017) (collecting cases); *Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *3 (W.D. Mich. Jan. 18, 2008) (same). Missing one part of one meal is not a claim of constitutional dimension. *See Hernandez v. Pugh*, No. 4:12-cv-2040, 2013 WL 3489699, at *2 n.6 (N.D. Ohio July 10, 2013). Accordingly, Count II of plaintiff's complaint fails to state a claim upon which relief can be granted.

### 4. First Amendment Free Speech

Plaintiff alleges that defendant retaliated against him for the protected conduct of filing a grievance by removing him from his work assignment and filing a false Class II misconduct charge against him. This is sufficient to state claims upon which relief can be granted for violation of the First Amendment's Free Speech Clause. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Id.*

The filing of a prison grievance is generally constitutionally-protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Frivolous grievances, however, are not constitutionally protected. *See Hill v. Lappin*, 630 F.3d 468, 472

(6th Cir. 2010).  Defendant has not presented any argument claiming that plaintiff's grievances fell outside the scope of protected conduct.  (*See* Defendant's Brief at 11-13, ECF No. 34, PageID.550-52).

Loss of a prison work assignment, depending on the circumstances, can be a sufficiently adverse action.  *See Siggers-El v. Barlow*, 412 F.3d 693, 699-704 (6th Cir. 2005).  A Class II misconduct charge can also be a sufficiently adverse action.  *See Hunter v. Palmer*, No. 1:17-cv-109, 2017 WL 1276762, at *10-11 (W.D. Mich. Apr. 6, 2017).  Being directed to "punch out" from a work assignment and being subjected to search are not sufficient, however, to support the adverse action component of a First Amendment retaliation claim.  *See Cheatham v. Benson*, No. 2:16-cv-239, 2017 WL 5150788 at *10 (W.D. Mich. Nov. 7, 2017).

Plaintiff has alleged facts sufficient to support the third element of a retaliation claim based on the loss of his work assignment and the Class II misconduct charge.

B.    State Law Claims

Defendant seeks dismissal of all plaintiff's purported state-law claims.  She devotes only two paragraphs and a footnote to the discussion of Michigan law, and one additional paragraph noting that, under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction where all federal claims have been dismissed.  (Defendant's Brief at 13-14, ECF No. 34, PageID.552-53).

Plaintiff's brief is even less helpful.  He cites no authority that would allow him to recover damages against defendant under Michigan law.  He simply criticizes defendant's argument as "misguided because the plaintiff has a right to relief for violations of Michigan's constitution."  (Plaintiff's Brief at 15-16, ECF No. 36, PageID.798-99).

Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims. *See Smith v. Erie County Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015).  "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  A district court may decline to exercise supplemental jurisdiction where the claims present novel issues of state law.  28 U.S.C. § 1367(c)(1).

The Michigan's courts have generally declined requests to imply a cause of action for damages for violations of Michigan's constitution.  For example, in *Jones v. Powell*, 612 N.W.2d 423, 425-27 (Mich. 2000) (*per curiam*), the Michigan Supreme Court refused to create a judicially inferred cause of action for damages against a municipality or against an individual government employee, because other remedies were available against such defendants.  It appears to be a novel question under

-18-

Michigan law whether there is an implied cause of action for damages for violation of Michigan's constitution against an employee of a private corporation providing food services inside a state prison. It is unclear whether the same considerations that convinced the Michigan Supreme Court to hold that there is no implied cause of action for damages against an individual government employee would also preclude an implied cause of action for damages against an individual defendant Lamp's position. Resolution of such issues should be left to Michigan's courts. The balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. *See Ward v. Thompson*, No. 1:13-cv-580, 2015 WL 3948190, at *8 (W.D. Mich. June 29, 2015). The Court should decline to exercise supplemental jurisdiction and dismiss all plaintiff's purported state law claims without prejudice.

## III.   Qualified Immunity

Defendant Lamp's brief includes a passing claim of entitlement to qualified immunity. (Defendant's Brief at 14-15, ECF No. 34, PageID.553-54). Defendant argues that, although she is a private party, she "may nonetheless assert a defense of qualified immunity." (*Id.*) (citing *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 722 (10th Cir. 1988)). It is unclear why defendant chose not to discuss, or even cite, more recent and controlling Supreme Court and Sixth Circuit precedent concerning this issue.

In *Filarsky v. Delia*, 566 U.S. 377, 383 (2012), the Supreme Court held that qualified immunity is not restricted to public employees, and under appropriate

-19-

circumstances, it can extend to others acting on behalf of the government.    In *McCullum v. Tepe*, 693 F.3d 696, 700 (6th Cir. 2012), the Sixth Circuit held that, when a private party seeks qualified immunity from a section 1983 suit, the court is to "determine whether: (1) there was a firmly rooted history of immunity for similarly situated parties at common law; and (2) whether granting immunity would be consistent with the history and purpose of § 1983."  693 F.3d at 700.  "Determining whether an employee of a private contractor that is acting under color of state law may herself assert qualified immunity demands a fact-intensive analysis under which some employees may be permitted to assert qualified immunity and some may not."  *United Pet Supply, Inc.*, 768 F.3d 464, 479 (6th Cir. 2014) (collecting cases).

Defendant provides no developed argument addressing the controlling Supreme Court and Sixth Circuit authority.  Perfunctory arguments are deemed waived.  *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012).  Moreover, inasmuch as defendant did not carry her initial burden with regard to qualified immunity, *see Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000), the burden never shifted to the plaintiff.

## IV.  Exhaustion

Defendant Lamp has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against her as required by 42 U.S.C. § 1997e(a).  I find that defendant has not carried her burden.  Plaintiff's Grievance No. LCF-2015-04-0373-17A (ECF No. 38-2, PageID.822) and related appeals

exhausted his retaliation claim based on the Class II misconduct charge.  Whether the grievance was broad enough to provide defendant with fair notice that plaintiff was also claiming that the termination of his work assignment was retaliatory presents a closer question.  *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).  It is not a question that the Court needs to answer, however, because defendant failed to shoulder her burden regarding the scope of this grievance.

## V.   Unknown Parties

On August 26, 2015, plaintiff filed his complaint.  (ECF No. 1).  His pleading lists "Unknown Parties" as defendants.  (*Id.* at PageID.1, 2).  Plaintiff has not attempted to amend his complaint to specifically identify these individuals.  The unknown parties were not served within the time provided by Rule 4(m) of the Federal Rules of Civil Procedure.  Dismissal of all plaintiff's claims against the unknown parties without prejudice is appropriate.  *See e.g.*, *Epperson v. City of Humboldt*, 183 F. Supp. 3d 897, 908 (W.D. Tenn. 2016); *Odom v. Corizon, Inc.*, No. 1:14-cv-606, 2015 WL 5749532, at *3 (W.D. Mich. Sept. 30, 2015).  Accordingly, I recommend that all plaintiff's claims against unknown parties be dismissed without prejudice.  This report and recommendation serves as notice of impending dismissal.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendant's motion (ECF No. 34) be granted in part and denied in part.  I recommend that defendant's motion be granted with regard to all plaintiff's federal claims other than his First

-21-

Amendment retaliation claims against defendant based on an allegedly false Class II misconduct charge and the termination of his work assignment.  I recommend that the Court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state law claims.  I recommend that all plaintiff's claims against unknown parties be dismissed without prejudice.


Dated:   December 22, 2017          /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).